# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER<br>aka GARY FRANCIS FISHER,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR OF OPERATIONS OF CDCR,<br><br>Respondent. | Case No. 1:17-cv-01067-AWI-SAB-HC<br><br>ORDER DENYING AS MOOT PETITIONER'S REQUEST TO FILE AMENDED PETITION<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 7) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On August 7, 2017, Petitioner filed a petition for writ of habeas corpus, alleging that the California Department of Corrections and Rehabilitation ("CDCR") is using false information regarding a second strike to extend Petitioner's release date. (ECF No. 1 at 2).[1] On August 18, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 5). The order to show cause was served on Petitioner and contained notice that a response should be filed within thirty days of the date of service of the order. In lieu of a response to the Court's order to show cause, Petitioner filed an amended habeas petition. (ECF No. 7).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

**II.**

**DISCUSSION**

**A. Request to File Amended Petition**

Petitioner has requested to file an amended petition. (ECF No. 7). A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). But "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the amended petition was filed within 21 days. As Petitioner was entitled to amend the petition as a matter of course, the Court denies as moot Petitioner's request and will consider Petitioner's amended petition.

**B. Exhaustion**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, the amended petition raises the same challenge as the original petition. Petitioner alleges that the CDCR is using false information regarding a second strike, which affects Petitioner's good time credits and release date. (ECF No. 7 at 8). The amended petition states that Petitioner did not present the claims raised in the instant petition to the California Supreme Court. (ECF No. 7 at 11–12). It is possible that, contrary to what is stated in the amended

petition, Petitioner presented his claims to the California Supreme Court. However, Petitioner was provided an opportunity to demonstrate that he exhausted state judicial remedies. Rather than directly responding to the order to show cause, Petitioner filed the instant amended petition that does not demonstrate exhaustion. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of h claims. 28 U.S.C. § 2254(b)(1).

## III.
## ORDER & RECOMMENDATION

Accordingly:

1. IT IS HEREBY ORDERED that Petitioner's request to file an amended petition (ECF No. 7) is DENIED AS MOOT; and

2. IT IS HEREBY RECOMMENDED that the amended petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state judicial remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 6, 2017__

UNITED STATES MAGISTRATE JUDGE

3