# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER Aka GARY FRANCIS FISHER,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR OF OPERATIONS OF CDCR,<br><br>Respondent. | Case No. 1:17-cv-01067-AWI-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO DISMISS<br><br>(ECF No. 16) |

Petitioner is a state prisoner who proceeded pro se with petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 20, 2017, the Court dismissed the petition for failure to exhaust state court remedies. (ECF No. 14). That same day, the Court entered judgment. (ECF No. 15). On January 10, 2018, the Court received the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for lack of jurisdiction. (ECF No. 16).

## DISCUSSION

**A. Federal Rule of Civil Procedure 59(e)**

The Court construes the instant motion to dismiss as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Castro v. United States, 540 U.S. 375, 381-82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and

motions liberally). See also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a Rule 59(e) motion if it is filed within the time proscribed by that rule).

The Ninth Circuit has held:

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

Petitioner does not allege any newly discovered or previously unavailable evidence or an intervening change in controlling law. Petitioner does not allege that the judgment rests on manifest errors of law or fact. Rather, Petitioner now argues that he cannot exhaust state judicial remedies because "Kern County will not acknowledge [Petitioner's] court paper work." (ECF No. 16 at 1). However, a "Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citing 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). The Court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust state court remedies. Rather than respond to the order to show cause, Petitioner filed an amended petition that did not address the deficiencies identified in the order to show case. Further, Petitioner did not file any objections to the Magistrate Judge's findings and recommendation to dismiss the petition for nonexhaustion.

A habeas petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). The Ninth Circuit has described "the peculiarities of California's 'original writ' system" as follows:

> California is not a typical "appeal" state. Instead, the California Constitution provides that each of the three levels of state courts—Superior Courts, Courts of Appeal, and the Supreme Court—has "original jurisdiction in habeas corpus proceedings." Cal. Const. art. VI, § 10. A California habeas petitioner, in contrast to his counterparts in typical appeal states, may file an original application for habeas relief in a Superior Court, a Court of Appeal, or the Supreme Court. *See, e.g., In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 735-36 (1993) (petitioner's first habeas application was filed in California Supreme Court). A Court of Appeal has "discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court" (*i.e.,* in a Superior Court), but the Court of Appeal need not do so. *In re Steele,* 32 Cal.4th 682, 10 Cal.Rptr.3d 536, 85 P.3d 444, 449 (2004) (citing, *inter alia, In re Ramirez,* 89 Cal.App.4th 1312, 108 Cal.Rptr.2d 229, 232 (2001) (a Court of Appeal " 'has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made therefor in a lower court in the first instance' ") (quoting *In re Hillery,* 202 Cal.App.2d 293, 20 Cal.Rptr. 759, 760 (1962))).

Gaston v. Palmer, 417 F.3d 1030, 1036 (9th Cir. 2005), reh'g granted and modified, 447 F.3d 1165 (9th Cir. 2006).

Here, Petitioner appears to argue that he cannot exhaust state court remedies because the Kern County Superior Court will not acknowledge his court submissions. However, the exhaustion requirement is satisfied by presenting each claim to the highest state court. As set forth above, under California's original writ system, Petitioner may file an original application for habeas relief in the California Supreme Court. Therefore, Petitioner has not established that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect [Petitioner's] rights." 28 U.S.C. § 2254(b)(1)(B).

The Ninth Circuit has cautioned that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona, 229 F.3d at 890 (internal quotation marks omitted) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Petitioner has not demonstrated that such an extraordinary remedy is necessary to prevent manifest injustice, and the Court finds relief is not warranted under Rule 59(e).

**B. Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

3

district court's denial of relief, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In <u>United States v. Winkles</u>, the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." 795 F.3d 1134, 1142 (9th Cir. 2015). If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." <u>Winkles</u>, 795 F.3d at 1143. To the extent <u>Winkles</u> applies to a Rule 59(e) motion to alter or amend judgment arising out of the dismissal of a § 2254 petition,[1] the Court finds that Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 59(e) motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion (ECF No. 16) is DENIED; and
2. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 9, 2018                     _____
                                               SENIOR DISTRICT JUDGE

---

[1] <u>See</u> <u>Winkles</u>, 795 F.3d at 1141 (recognizing "that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical"); <u>Ruelas v. Muniz</u>, No. SA CV 14-01761-VBF-AFM, 2016 WL 1573439, at *6–7 (C.D. Cal. Apr. 19, 2016) (applying <u>Winkles</u> to Rule 59(e) motion for reconsideration of order denying § 2254 habeas petition).